## ALABAMA & V. RY. CO. v. HALEY.

(Circuit Court of Appeals, Fifth Circuit. January 18, 1924.)

No. 4105.

Railroads ⬥355(5)—Caretaker to whom freight agent indicated direction of car held an invitee on carrier's property.

 Where one who was going to accompany a carload of horses as caretaker inquired where the car was and was told by the freight agent that it was "right over there," the agent pointing in a certain direction, and in attempting to follow the freight agent's directions he fell and injured himself, *held*, that he was an invitee and not a licensee or trespasser on carrier's property.

In Error to the District Court of the United States for the Southern District of Mississippi; Edwin R. Holmes, Judge.

Action by E. H. Haley against the Alabama & Vicksburg Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

A. S. Bozeman and Ben F. Cameron, both of Meridian, Miss. (J. Blanc Monroe, of New Orleans, La., on the brief), for plaintiff in error.

Chas. B. Cameron, of Meridian, Miss., for defendant in error.

Before WALKER and BRYAN, Circuit Judges, and CALL, District Judge.

BRYAN, Circuit Judge. This is a writ of error sued out by the Alabama & Vicksburg Railway Company, defendant below, to a judgment for personal injuries, alleged to be due to defendant's negligence, sustained by the plaintiff Haley.

Plaintiff's evidence, so far as it is necessary to state it, is in substance as follows: The plaintiff had caused certain horses to be loaded, at defendant's freight depot, upon cars for shipment, and it was his intention to accompany said horses as caretaker. Some time after the horses were loaded, and at night, the plaintiff went into the freight depot and there applied to defendant's freight agent for information

---

concerning the location of the car in which the horses were, and was told by the agent that the car was on track No. 7, and "pointed down across diagonally out of the depot," and said, "It is right over there." The plaintiff testified that he went "the way" he was told, and in doing so stepped from a paved driveway into an open culvert, and fell to the bottom of a ditch a distance of seven or eight feet.

The defendant offered evidence in conflict with that for the plaintiff, but it is unnecessary to state it, because the error relied on is that the trial court-erred in refusing to direct a verdict for the defendant.

The argument for reversal is that plaintiff's evidence fails to show an express invitation to go upon the railway company's property at the place where he was injured. It is said that the evidence fairly construed does not disclose that the freight agent did more than to indicate the general direction which the plaintiff was invited to take. We are unable to agree to this construction of plaintiff's evidence. It appears to us to be to the effect that defendant's agent pointed out particularly the way the plaintiff should go, and that the latter followed out the direction given him, and in doing so was injured. According to plaintiff's evidence the invitation was express, and therefore he was not a licensee or trespasser.

The judgment is affirmed.